Dear Ms. Cushwa:
You have asked for our opinion on the parole eligibility of an inmate serving a "straight" life sentence — that is, a sentence of life imprisonment without any portion suspended and without any prohibition against parole. Specifically, you have asked whether the parole eligibility date of such an inmate is to be adjusted by the application of diminution of confinement credits ("diminution credits") allowed under Annotated Code of Maryland, Correctional Services Article ("CS"), § 3-701 et seq.
In our opinion, the statute governing parole eligibility requires that diminution credits be deducted in computing the parole eligibility date of an inmate serving a straight life sentence. Ordinarily, an inmate serving such a sentence will become eligible for parole consideration in 15 years, as adjusted by any diminution credits to which the inmate is entitled. If the inmate is serving a life sentence as a result of a failed application for the death penalty, the inmate may not be paroled for 25 years, as adjusted by diminution credits. Of course, whether an eligible inmate should be paroled is a matter left to the discretion of the Parole Commission and, ultimately, the Governor.
 I Background
A. Eligibility for Parole
Parole is a conditional release from confinement granted by the Parole Commission (the "Commission"). CS § 7-101(i). However, an inmate serving a life sentence may only be paroled with the approval of the Governor. CS § 7-301(4).
Generally, an inmate serving a sentence of six months or more becomes eligible for parole consideration after serving one-fourth of the inmate's "aggregate sentence." CS § 7-301(a). However, the statute takes a different approach to parole eligibility for an inmate serving a sentence of life imprisonment.[1] As a general rule, an inmate serving a straight life sentence is not eligible for parole "until the inmate has served 15 years or the equivalent of 15 years, considering the allowances for diminution of the inmate's term of confinement. . . ." CS § 7-301(d)(1). However, if the inmate received the life sentence after the State sought but did not obtain a harsher sentence in "a proceeding under Article 27, § 413,"[2] the inmate is not eligible for parole "until the inmate has served 25 years or the equivalent of 25 years considering the allowances for diminution of the inmate's term of confinement. . . ." CS § 7-301(d)(2). Thus, in either case, the statute states that an inmate serving a straight life sentence becomes eligible for parole consideration after the requisite number of years with allowance for diminution credits.
B. Diminution Credits
As a general rule, diminution credits are applied to determine when an inmate serving a specific term of years must be released, prior to the end of the full term, on mandatory supervision. CS § 3-701 et seq. In the language of the statute, an inmate serving a term of years is entitled to deductions that effect a "diminution of the inmate's term of confinement." CS § 3-702. An individual released on mandatory supervision as a result of those deductions is subject to all "laws, rules, regulations, and conditions that apply to parolees," as well as to "any special conditions established by a [parole] commissioner." CS § 7-502(b). However, release on mandatory supervision is distinct from parole in that the statute requires the release from confinement of an inmate eligible for mandatory supervision while release of an inmate eligible for parole is a discretionary decision.
Diminution credits include: "good conduct" credits allowed in advance based upon the length of the inmate's term of confinement (CS § 3-704); "work" credits for participation in work tasks (CS § 3-705); "education" credits for participation in educational, vocational, or other training courses (CS § 3-706); and "special project" credits for participation in designated special projects and programs (CS § 3-707).[3] Diminution credits earned for good conduct or special projects may be revoked if the inmate violates applicable rules of discipline. CS § 3-709.
An inmate serving a straight life sentence is not awarded diminution credits for purposes of determining a date of release on mandatory supervision. That is because diminution credits are applied against a "term of confinement," and only an inmate serving a "term of confinement" may be released on mandatory supervision. As defined in CS § 3-701, "term of confinement" means:
 (1) the length of the sentence, for a single sentence; or
 (2) the period from the first day of the sentence that begins first through the last day of the sentence that ends last, for:
(i) concurrent sentences;
(ii) partially concurrent sentences;
(iii) consecutive sentences; or
 (iv) a combination of concurrent and consecutive sentences.
CS § 3-701. A straight life sentence does not comprise a fixed period, and does not have a determinable "last day" that establishes an ending date against which diminution credits may be applied. See CS §§ 3-701(2), 3-702. Thus, an inmate serving a life sentence is not serving a "term of confinement" and is not eligible for release on mandatory supervision under CS § 7-501.
 II Analysis
We understand your question to be as follows: Inasmuch as an inmate serving a straight life sentence is not entitled to diminution credits for the usual purpose of determining the inmate's release on mandatory supervision, does the law provide for such credits to be applied to determine that inmate's eligibility for parole?
The literal language of the pertinent statute permits parole consideration after an inmate serving a life sentence has served "the equivalent of 15 [or 25] years considering the allowances for diminution of the inmate's term of confinement. . . ." CS § 7-301(d) (emphasis added). One might argue that, because a straight life sentence is not a "term of confinement," the italicized language does not require any adjustment to the parole eligibility date. In other words, because such an inmate does not earn diminution credits for purposes of determining the inmate's release on mandatory supervision, there should be no deduction from the 15 and 25 year periods specified for parole consideration.
However, that interpretation would render part of the statute meaningless. In our opinion, the rules of statutory interpretation compel the conclusion that the Legislature intended to incorporate diminution credits as a component of the determination of parole eligibility for inmates sentenced to life imprisonment.
The legislative history of CS § 7-301(d) supports this interpretation. Approximately 60 years ago, the General Assembly set the parole eligibility date for an inmate serving a life sentence at 15 years. Chapter 406, § 55, Laws of Maryland 1939. In 1971, the Legislature modified that provision to allow parole consideration after such an inmate had served 15 years "or the equal of fifteen years when considering the allowance for diminution of period of confinement provided [by statute]." Chapter 690, Laws of Maryland 1971.[4] Then, as now, an inmate could earn diminution credits during a period of confinement, with the result that the inmate could be released prior to the end of the full term "as if released on parole." See Annotated Code of Maryland, Article 41, § 127A (1971 Repl. Vol.).[5] Although the legislative files concerning the bill that resulted in Chapter 690 are no longer available, there can be little doubt that the Legislature intended that diminution credits be applied to the 15-year eligibility date for an inmate serving a life sentence,[6] even though those credits could not result in the inmate's release on mandatory supervision.
A contrary conclusion would render the 1971 amendment meaningless. The language quoted above concerning diminution credits was the only amendment made to the parole statute by the 1971 law. To conclude that diminution credits should not be credited against the inmate's parole eligibility date would be to construe the 1971 amendment as ineffective. However, a statute should not be interpreted so as to render "any portion of it, meaningless, surplusage, superfluous, or nugatory." Mayor and City Council v. Chase, 360 Md. 121, 129, 756 A.2d 987, 992 (2000); Tracey v. Tracey, 328 Md. 380, 387, 614 A.2d 590, 594 (1992).
We understand that the Commission gave this effect to the language concerning diminution credits beginning in 1971. See Maryland Parole Commission, Policy and Procedure No. 2-21; Division of Correction,Commitment Procedure Manual, Chapter 90-720 (1999 rev.). This long-standing interpretation of the Commission, consistent with the language and evident purpose of the 1971 amendment, would be accorded substantial weight by the courts. See Adamson v. Correctional MedicalServices, Inc., 359 Md. 238, 266, 753 A.2d 501 (2000) (interpretation of statute soon after its passage by agency that administers it "should not be disregarded except for the strongest and most urgent reasons").
It is apparent that, in authorizing parole of an inmate serving a life sentence, the Legislature intended to incorporate, as it did for inmates serving terms of years, incentives for good behavior and participation in educational and work programs. For an inmate serving a life sentence, however, credits for good behavior and participation in those programs results, not in automatic release from custody, but only in earlier eligibility for parole.
Of course, nothing in the statute compels the Commission to recommend parole for an inmate serving a life sentence at the time of the inmate's initial eligibility. The Commission has substantial discretion in exercising its statutory duty to make a recommendation concerning parole for an inmate serving a life sentence. CS § 7-200(3)(i); CS § 7-305 (factors and information to be considered by the Commission); seealso Lomax v. Warden, 356 Md. 569, 741 A.2d 476 (1999). The Governor has even broader discretion in determining whether to accept that recommendation. Lomax, 356 Md. at 578 n. 2.
 III Conclusion
In our opinion, the parole eligibility date of an inmate serving a straight life sentence must be adjusted by deducting any diminution credits to which the inmate is entitled for purposes of parole eligibility. Ordinarily, an inmate serving such a sentence will become eligible for parole consideration in 15 years, as adjusted by diminution credits. If the inmate is serving a life sentence as a result of a failed application for the death penalty, the inmate may not be paroled for 25 years, as adjusted by diminution credits.
Very truly yours,
J. Joseph Curran, Jr. Attorney General
Alan D. Eason Assistant Attorney General
_______________________ Robert N. McDonald Chief Counsel Opinions and Advice
[1] There are also certain qualifications to the general rule when the inmate is serving a sentence for a "violent crime," as defined in CS § 7-101(m). An inmate serving a sentence, other than life imprisonment, for a violent crime is eligible for parole after serving the greater of "one half the inmate's aggregate sentence for violent crimes" or "one-fourth of the inmate's total aggregate sentence." CS § 7-301(c)(1)(i). The statute also provides a specific method of computation for an inmate serving multiple sentences who has been convicted of a violent crime and whose sentences include one under which the inmate is not eligible for parole. CS § 7-301(c)(1)(ii).
[2] Annotated Code of Maryland, Article 27, § 413, governs the procedures for sentencing a defendant convicted of first degree murder. In such a proceeding, if for various reasons, the court does not impose the death penalty or life without possibility of parole, then the court is to impose a life sentence.
[3] Good conduct credits are allowed in advance at the rate of 5 or 10 days per month of the inmate's term of confinement, depending upon the nature of the inmate's convictions. CS § 3-704. "Work" and "education" credits are allowed at the rate of 5 days per month of satisfactory "progress" in the work task or education course. CS § 3-705(a); CS § 3-706(a). "Special project" credits are allowed at the rate of up to 10 days per month of satisfactory "progress" in the special project. CS § 3-707(a). Under CS § 3-708, an inmate's total deductions attributable to each calendar month may not exceed 20 days.
[4] The phrase "period of confinement" was later changed to "term of confinement" during code revision, without any substantive change. Chapter 54, Laws of Maryland 1999, Revisor's Note at p. 657.
[5] In 1971, diminution credits were awarded on a monthly basis. In 1985, the Legislature amended the statute to require allowance of good conduct credits in advance based on a computation of the inmate's full sentence. See Chapter 466, Laws of Maryland 1985, now codified at CS § 3-704(a). This change in the computation of diminution credits does not affect our interpretation of the parole eligibility statute.
[6] In 1983, the Legislature added a parallel provision governing parole eligibility for any inmate serving a life sentence as a result of a failed application for the death penalty. Chapter 298, Laws of Maryland 1983. That provision, now codified in CS § 7-301(d)(2), lengthened the period of ineligibility to 25 years, but still included an adjustment for diminution credits.
 *Page 15